OMEGA HOMES, INC., Plaintiff–Appellant,

v.

CITY OF BUFFALO, NY, Anthony M. Masiello, individually and as Mayor of Defendant City of Buffalo, Alan DeLisle, individually and as Commissioner, Department of Community Redevelopment of Defendant City of Buffalo, MJ Peterson/Forbes Housing Co., Dennis J. Penman, President of Defendant MJ Peterson/Forbes Housing Co., James Management Corp., and

James Anderson, President of Defendant James Management Corp., Defendants–Appellees.

No. 98–7785.

United States Court of Appeals, Second Circuit.

Argued March 19, 1999.

Decided March 25, 1999.

Wayne R. Gradl, Gradl Polowitz & Schwach, LLP, Buffalo, NY, for Appellant Omega Homes, Inc.

David R. Hayes, Assistant Corporation Counsel, Buffalo, N.Y. (Michael B. Risman, Corporation Counsel, of counsel), for Appellees City of Buffalo, NY, Anthony M. Masiello, and Alan DeLisle.

Bruce S. Zeftel, Saperston & Day, P.C., Buffalo, N.Y. (Gary L. Mucci, of counsel), for Appellees MJ Peterson/Forbes Housing Co. and Dennis J. Penman.

Laurence K. Rubin, Kavinoky & Cook, LLP, Buffalo, N.Y. (Marilyn A. Hochfield, of counsel), for Appellees James Management Corp. and James Anderson.

Before: CABRANES and STRAUB, Circuit Judges, and TSOUCALAS,* Judge.

PER CURIAM:

Plaintiff Omega Homes, Inc. ("Omega") appeals from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *Judge*) dismissing Omega's complaint, which alleged that federal and state antitrust statutes, as well as the New York State Constitution, were violated when the City of Buffalo granted, to two private developers, exclusive development rights in connection with an urban renewal project encompassing 344 units of new residential housing in the City's Willert Park neighborhood. *See Omega Homes, Inc. v. City of Buffalo, NY,* 4 F.Supp.2d 187 (W.D.N.Y.1998). The district court concluded that all defendants were immune from federal antitrust liability under the *Parker* state action doctrine, *see Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), and that the private defendants also were immune under the *Noerr–Pennington* doctrine, *see Eastern R.R. Presidents Conference v.*

---

* The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

*Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers of Am. v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). Having dismissed all claims under federal law, the district court declined to exercise supplemental jurisdiction over the state law claims.

We affirm the judgment of the district court for substantially the reasons stated in its Order of April 30, 1998. *See Omega Homes, Inc. v. City of Buffalo, NY,* 4 F.Supp.2d 187 (W.D.N.Y.1998). We write only to underscore our rejection of Omega's primary argument on appeal. Specifically, Omega does not dispute the district court's conclusion that the state legislature, in delegating authority over urban renewal to municipalities, contemplated the displacement of market forces through the type of activity alleged here. *See City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 415, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978) ("[A]n adequate state mandate for anticompetitive activities of cities and other subordinate governmental units exists when it is found from the authority given a governmental entity to operate in a particular area, that the state legislature contemplated the kind of action complained of.") (citation and internal quotation marks omitted). Instead, Omega contends that the renewal project at issue in this case includes every residence in a relevant housing market, and therefore that the alleged anticompetitive effects are unusually severe and, hence, unforeseen. However, where the state contemplates a certain type of anticompetitive activity, *Parker* immunity applies even if that activity is conducted under circumstances that magnify the anticompetitive effects thereof. *Cf. City of Columbia v. Omni Outdoor Advertising,* 499 U.S. 365, 367, 373, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991) (where delegation of zoning power contemplated actions restricting new entrants, foreseeability requirement "amply met" despite argument that one party's ownership of 95% of existing billboards caused restriction on new entrants to have unusually strong anticompetitive effect). Accordingly, the judgment of dismissal is affirmed.